996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marcellus SPAULDING, Petitioner-Appellant,
v.
Stephen T. SMITH, Warden, Respondent-Appellee.
 No. 92-6637.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 1
 Before GUY and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 
 2
 Marcellus Spaulding is a pro se Kentucky prisoner who appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2254. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Spaulding was convicted of two counts of trafficking in a controlled substance and of being a persistent felony offender in the second degree. He raised three claims in his petition: 1) that bifurcated proceedings were required to separate his conviction and sentencing on the drug charges; 2) that a sentence enhancement provision of the drug statute was inapplicable because his prior conviction involved a different controlled substance; and 3) that the prosecutor's closing argument was inflammatory. The district court denied the petition on November 17, 1992. It is from this judgment that Spaulding now appeals.
 
 
 4
 Initially, we note that Spaulding's briefs do not contain any argument regarding the second claim that is raised in his petition. He has, therefore, abandoned that claim for purposes of appellate review. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 Spaulding alleged that the trial court erred when it failed to bifurcate the submission of evidence which supported his conviction from other evidence which related solely to sentencing. He argues that evidence regarding his previous drug convictions biased the jury's consideration of his current charges. The Kentucky Supreme Court found that Spaulding had not preserved this issue for appellate review because he had not made a contemporaneous objection at trial. Therefore, Spaulding was required to demonstrate cause and prejudice that would excuse his procedural default. See United States v. Frady, 456 U.S. 152, 167-68 (1982). He has failed to demonstrate the prejudice required by this test. The admission of this evidence was not unconstitutional per se. See Spencer v. Texas, 385 U.S. 554, 560 (1967). Moreover, Spaulding's trial was not fundamentally unfair because the jury was given a limiting instruction regarding his prior convictions. See id. at 561. Finally, there was other evidence which supported Spaulding's conviction in that an undercover officer testified that he had purchased cocaine and Talwin from him.
 
 
 6
 Spaulding also alleged that he was denied a fundamentally fair trial by the prosecutor's closing argument. In particular, Spaulding pointed to the prosecutor's statement that the investigation in his case had focused on "major" drug dealers. However, Spaulding was not denied a fundamentally fair trial and any error that may have arisen would have been harmless as the prosecutor's comment was based on testimony that had been elicited by the defense. See Martin v. Foltz, 773 F.2d 711, 716-17 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation